UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

James Edward Thornberg,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal Case No. 10-80 ADM/JSM
Civil Case No. 14-739 ADM

_____

Robert M. Lewis, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

James Edward Thornberg, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant James Edward Thornberg's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 118] (the "2255 Motion"). For the reasons set forth below, Thornberg's motion is denied.

## II. BACKGROUND

After pleading guilty to wire fraud and money laundering in 2002, Thornberg was sentenced to 96 months imprisonment. In 2003, while serving his sentence at a federal prison camp in Duluth, Minnesota, Thornberg escaped from custody.

Over 6 years later, in March 2010, Thornberg was apprehended and charged with escape from custody in violation of 18 U.S.C. § 751(a). Thornberg pled not guilty by reason of insanity. Thornberg requested and received a pyschiatric evaluation under 18 U.S.C. §§ 4241 and 4242(a), to assess his competency to stand trial and his state of mind at the time of his escape. A forensic psychologist with the Bureau of Prisons found Thornberg competent to stand trial. Before trial,

Thornberg's motions for appointment of new counsel were granted on two occasions.

Thornberg's defense at trial, with his third court-appointed attorney, was based on a theory of coercion and duress, specifically that his family had harrassed him while he was in prison and he feared he would kill himself if he remained there. The jury found Thornberg guilty of escape, and this Court sentenced him to 30 months imprisonment to be served consecutively to completion of his earlier sentence for fraud and money laundering.

Thornberg appealed his sentence, and on April 16, 2012, the Eighth Circuit Court of Appeals affirmed. United States v. Thornberg, 676 F.3d 703 (8th Cir. 2012)

Thornberg now moves the Court under 28 U.S.C. § 2255 to vacate, set aside, or correct his prison escape sentence.

### III. DISCUSSION

28 U.S.C. § 2255 provides a person in federal custody with a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his sentence. See United States v. Addonizio, 442 U.S. 178, 185 (1979). Relief is reserved for violations of constitutional rights and for a narrow range of injuries which were outside a direct appeal and which, if untreated, would result in a miscarriage of justice. See Poor Thunder v. United States, 810 F.2d 817, 821-22 (8th Cir. 1987).

Thornberg challenges his sentence based on two claims of ineffective assistance of counsel. First, Thornberg claims his attorney forced him to wear prison clothing during trial, denying his request to ask the Court for civilian clothes. 2255 Motion at 5. Second, Thornberg claims his counsel refused to contact witnesses and medical facilities that Thornberg asked counsel to interview for trial. Id. at 6.

To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). The Eighth Circuit has described the Strickland test as follows: the questions a court must ask are "[w]hether counsel's performance was in fact deficient and, if so, whether the defendant was prejudiced by the inadequate representation." Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000). Courts employ a strong presumption that counsel has "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id.; Johnson v. United States, 278 F.3d 839, 842-43 (8th Cir. 2002) (holding "[j]udicial review of counsel's effectiveness is 'highly deferential'") (quoting Strickland, 278 F.3d at 689).

### A. Ground 1 - Jail House Clothing at Trial

"A prisoner may not be compelled to go to trial in prison clothing." United States v. Rojas, 356 F.3d 876, 879 (8th Cir. 2004) (citing Estelle v. Williams, 425 U.S. 501, 504-05 (1976)). "A defendant, however, cannot remain silent and willingly be tried in prison clothes and then later claim error." Smith v. United States, 182 F.3d 1023, 1025 (8th Cir. 1999). "If a defendant does not timely object, he may also have waived his right to appear in civilian dress." Rojas, 356 F.3d at 879 (internal citation omitted).[1] "Any objection should be made before any trial proceedings have commenced, so that custodial officers and court authorities are provided

---

[1] "The reason for this judicial focus upon compulsion is simple; instances frequently arise where a defendant prefers to stand trial before his peers in prison garments. . . . it is not an uncommon defense tactic to produce the defendant in jail clothes in the hope of eliciting sympathy from the jury." Estelle, 425 U.S. at 507-08.

with adequate time to make the necessary arrangements." Id. (internal citation omitted).

The record does not support, and Thornberg does not directly state that he ever raised the issue of his trial clothing with the Court.

Even if his attorney did refuse to raise the clothing issue as Thornberg alleges, Thornberg has not shown prejudice caused by his attire at trial. "Generally, prison attire is inherently prejudicial, because it puts the jury on notice that the defendant has already been deprived of his liberty." Williams v. Norris, 612 F.3d 941, 957-58 (8th Cir. 2010) (citations omitted). "Prejudice, however, occurs only when prison attire puts the jury on notice of something that it does not already know." Id. Thornberg was on trial for escape from prison, he admitted his incarceration, and asserted a defense of coercion requiring him to escape from custody. Thornberg acknowledged that he had been in Bureau of Prisons custody, escaped, and the only issue at trial was whether Thornberg was legally justified in escaping. Thus, Thornberg's appearance in prison attire was not prejudicial. See Williams, 612 F.3d at 957-58 (defendant suffered no prejudice by being clad in prison attire during his trial wherein he was accused of murdering a person while escaping from prison; neither his current incarceration nor his escape were at issue; there was no way that the jury could avoid the fact that he was deprived of his liberty at the time of trial and at the time of the alleged offense).

### B.  Ground 2 - Failure to Investigate Potential Witnesses and Medical History

Thornberg claims he received ineffective assistance of counsel because his attorney failed to call or interview a list of potential witnesses Thornberg provided. The witnesses allegedly would have testified to Thornberg's state of mind at the time he committed his offense of escape. Mem. Supp. 2255 Mot. [Docket No. 119] 5-9. One of these witnesses was Dr.

Douglas Holt. Thornberg also claims he supplied counsel with a list of medical facilities where he had received treatment. He contends that these witnesses and these medical records should have been subpoenaed to assist in his defense. Id.

With the exception of Dr. Holt, Thornberg fails to identify with any specificity what medical records his attorney did not retrieve, and fails to provide the information about which the unnamed witnesses would have testified. Thornberg also fails to demonstrate that any such information would have been admissible or how it would have changed the result of his trial. Thus, Thornberg fails to show why his attorney represented him below an objectively reasonable level. In connection with his 2255 Motion, Thornberg did submit a declaration from Dr. Holt. See Decl. of Douglas Holt [Docket No. 120-2]. Dr. Holt, purportedly a long-time friend of 35 years, states that he would have testified as to Thornberg's state of mind and that Thornberg suffered from Post-Traumatic Stress Syndrome ("PTSS").

There is no evidence Dr. Holt is qualified to testify on the issue of Thornburg's state of mind at the time of his escape in 2003, or that he has any qualification to diagnose PTSS. Furthermore, there is no evidence that PTSS would have affected Thornberg's awareness of the wrongfulness of his actions as required for an insanity defense or that Dr. Holt could have supplied admissible evidence to meet the legal requirement for coercion. The jury would have needed to find that Thornberg,

> committed the crime of escape from custody only because he reasonably feared that immediate, serious bodily harm would be inflicted upon him if he did not commit the crime, and if the defendant had no reasonable opportunity to avoid that harm, then he was coerced.
>
> The defendant must also demonstrate, by the greater weight of the evidence, that both his initial departure and his continued absence from custody were justified because of his reasonable fear of immediate, serious bodily harm, and he made a

>bona fide effort to surrender or return to custody as soon as the claimed duress lost its coercive force such that the defendant submitted himself to proper authorities after obtaining safety.

Trial Tr. [Docket No. 103] 275 (Jury Instructions).  Dr. Holt's purported testimony does not address immediacy, serious bodily harm, or whether Thornberg's initial departure and his continued absence from custody were justified because of it.  Thus, Thornberg has not demonstrated prejudice from counsel's failure to interview and/or offer Dr. Holt's testimony at trial.

## IV.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  The Court finds it unlikely that another court would decide the issues raised in this § 2255 motion differently, or that any of the issues raised in Thornberg's petition would be debatable among reasonable jurists.  Therefore, the Court declines to grant a certificate of appealability.

Also, for the reasons stated above, an evidentiary hearing in this matter is not warranted, as the record and the parties' arguments definitively show Thornberg is not entitled to relief under § 2255.  28 U.S.C. § 2255; Engelen v. United States, 68 F.3d 228, 240 (8th Cir. 1995).

## V.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1. Defendant James Edward Thornberg's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [Docket No. 118] is **DENIED**.

2. A certificate of appealability shall not issue.

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

                                              BY THE COURT:


                                              <u>    s/Ann D. Montgomery    </u>
                                              ANN D. MONTGOMERY
                                              U.S. DISTRICT JUDGE

Dated:  May 9, 2014.